# IN THE SUPREME COURT OF IOWA

No. 12–0897

Filed May 10, 2013

**CHARLES R. COFFEY,**

    Appellant,

vs.

**MID SEVEN TRANSPORTATION COMPANY** and
**GREAT WEST CASUALTY COMPANY,**

    Appellees.

---

Appeal from the Iowa District Court for Polk County, Richard G. Blane, II, Judge.

An employee appeals a district court decision refusing to interpret an arbitration decision under Iowa Code section 86.42 (2011). **DECISION REVERSED AND CASE REMANDED WITH DIRECTIONS.**

Charles E. Cutler and Amanda R. Rutherford of Cutler Law Firm, P.C., West Des Moines, for appellant.

Stephen W. Spencer and Christopher S. Spencer of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, LLP, West Des Moines, for appellees.

**PER CURIAM.**

Charles R. Coffey filed a petition for judgment under Iowa Code section 86.42 (2011). Therein, Coffey sought enforcement of an arbitration award he received from the Iowa Workers' Compensation Commissioner against his employer, Mid Seven Transportation Company, and its insurer, Great West Casualty Company. Coffey specifically asked the district court to determine the amount Mid Seven and Great West owed Coffey under the arbitration award, in light of Coffey's claim that Mid Seven and Great West have failed to pay all of the medical benefits, mileage reimbursements, and interest due under the arbitration decision. Complicating the calculation of the amount due is Mid Seven and Great West's claim to a credit, under Iowa Code section 85.22(1), against any amount they may owe Coffey due to his third-party settlements.

After a hearing, the district court issued a decision stating it was unable to address several issues raised in Coffey's petition because doing so required the district court to make factual findings and to engage in statutory analysis. The court held these tasks are beyond its authority under section 86.42. The court then issued a judgment, which simply restated the language in the arbitration decision. Accordingly, the district court did not answer the issues raised by the parties or determine the amount still owed to Coffey under the arbitration decision. Coffey timely filed a notice of appeal.

On today's date, we filed an opinion entitled, *Coffey v. Mid Seven Transportation Co.*, ____ N.W.2d ____ (Iowa 2013) (hereinafter *Coffey I*). In *Coffey I*, we remanded the case to the district court for it to remand the matter to the commissioner with directions to decide the very issues Coffey raised in his petition for judgment. Therefore, we reverse the

decision of the district court and remand this case for further proceedings after the commissioner determines the issues set forth in *Coffey I.*

We assess the costs of this action equally between the parties.

**DECISION REVERSED AND CASE REMANDED WITH DIRECTIONS.**

This decision shall not be published.